McGREGOR W. SCOTT
United States Attorney
KIRK E. SHERRIFF (SBN 219488)
Asst. United States Attorney
U.S. Courthouse, Suite 4401
2500 Tulare St.
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Elaine L. Chao,
Secretary of Labor, United States
Department of Labor

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELAINE L. CHAO, Secretary of )    Case No.
Labor, United States          )
Department of Labor,          )
                              )    COMPLAINT FOR DECLARATORY
          Plaintiff,          )    AND INJUNCTIVE RELIEF UNDER
                              )    THE LABOR-MANAGEMENT
     v.                       )    REPORTING AND DISCLOSURE
                              )    ACT OF 1959, 29 U.S.C. § 482
LOCAL 30, INTERNATIONAL       )
LONGSHORE AND WAREHOUSE UNION,)
                              )
          Defendant.          )
_____)

     Plaintiff Elaine L. Chao, Secretary of Labor, alleges as follows:

                    NATURE OF THE ACTION

     1.   This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (the Act), 29 U.S.C. §§ 481-84, for a judgment declaring that the May 10, 2006 election of union officers conducted by Local 30, International Longshore and Warehouse Union (Defendant), for the office of president is void, and directing Defendant to conduct a new election for the office of president under Plaintiff's

-1-
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE LABOR-MANAGEMENT
REPORTING AND DISCLOSURE ACT OF 1959, 29 U.S.C. § 482

supervision, and for other appropriate relief.

JURISDICTION AND VENUE

2.   This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1345, and 29 U.S.C. § 482(b).

3.   Venue lies in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 482(b).

PARTIES

4.   Plaintiff, Elaine L. Chao, is the duly appointed Secretary of Labor, United States Department of Labor.  Plaintiff is authorized to bring this action pursuant to section 402(b) of Title IV of the Act of 1959, 29 U.S.C. § 482(b).

5.   Defendant is, and at all times relevant to this action has been, an unincorporated association residing in the County of Kern, California, within the jurisdiction of this Court.

6.   Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i), 3(j), and 402(b) of the Act, 29 U.S.C. §§ 402(i), 402(j), and 482(b).

FACTUAL ALLEGATIONS

7.   Defendant, purporting to act pursuant to its Constitution and General Rules, conducted an election of officers on May 10, 2006.  The election was subject to the provisions of Title IV of the Act, 29 U.S.C. §§ 481-483.

8.   By letter to the union's International President, dated June 5, 2006, James Bates, a member in good standing of Defendant, protested Defendant's May 10, 2006 election.

9.   The International President denied the protest in a

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE LABOR-MANAGEMENT REPORTING AND DISCLOSURE ACT OF 1959, 29 U.S.C. § 482

decision issued August 3, 2006.

10.  By letter dated August 16, 2006, Bates appealed the decision of the International President to the International Executive Board.

11.  At a hearing on September 8, 2006, the International Executive Board considered issues raised in Bates' August 16, 2006 appeal letter, and heard oral argument by Bates and by a representative of Defendant.

12.  By letter dated September 8, 2006, the International Executive Board denied the appeal.

13.  Having exhausted his available remedies and having received a final decision, Bates filed a timely complaint with the Secretary of Labor on September 22, 2006, within the one calendar month required by section 402(a)(1) of the Act, 29 U.S.C. § 482(a)(1).

14.  Pursuant to Section 601 of the Act, 29 U.S.C. § 521, and in accordance with Section 402(b) of the Act, 29 U.S.C. § 482(b), Plaintiff investigated the complaint and, as a result of the facts shown by her investigation, found probable cause to believe that violations of Title IV of the Act, 29 U.S.C. §§ 481-483, had occurred in the conduct of Defendant's May 10, 2006 election and that the violations had not been remedied at the time of the institution of this action.

15.  Defendant violated section 401(c), 29 U.S.C. § 481(c), during the conduct of its aforesaid election in failing to provide adequate safeguards to ensure a fair election.

16.  Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), during the conduct of its aforesaid election in failing

-3-

to preserve its election records for a period of one year.

17. The violations of sections 401(c) and 401(e) of the Act, 29 U.S.C.§§ 481(c) and 48l(e), found and alleged above may have affected the outcome of Defendant's May 10, 2006 election for the office of president.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

(a) declaring Defendant's election for the office of president null and void;

(b) directing Defendant to conduct a new election for the office of president, under the supervision of the Plaintiff;

(c) for the costs of this action; and

(d) for such other relief as may be appropriate.

Respectfully submitted,

HOWARD M. RADZELY                    PETER D. KEISLER
Solicitor of Labor                   Assistant Attorney General

KATHERINE E. BISSELL                 McGREGOR W. SCOTT
Associate Solicitor                  United States Attorney

LAWRENCE BREWSTER
Regional Solicitor          By:  /s/ Kirk E. Sherriff
                                 Asst. United States Attorney

SHARON E. HANLEY
Counsel for Labor-Management         Attorneys for Plaintiff
Programs

WILLIE B. WHITE
Attorney

Of Counsel
U.S. Department of Labor

-4-

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE LABOR-MANAGEMENT REPORTING AND DISCLOSURE ACT OF 1959, 29 U.S.C. § 482