McGREGOR W. SCOTT
United States Attorney
KIRK E. SHERRIFF (SBN 219488)
Asst. United States Attorney
U.S. Courthouse, Suite 4401
2500 Tulare St.
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Elaine L. Chao,
Secretary of Labor, United States
Department of Labor

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor,<br><br>  Plaintiff,<br><br>  v.<br><br>LOCAL 30, INTERNATIONAL LONGSHORE AND WAREHOUSE UNION,<br><br>  Defendant. | Case No. 1:06-CV-01689 OWW TAG<br><br>STIPULATION & [PROPOSED] ORDER OF SETTLEMENT |

Plaintiff Elaine L. Chao, Secretary of Labor ("Secretary"), and defendant Local 30, International Longshore & Warehouse Union ("Local 30"), by and through undersigned counsel, and in order to resolve this action without the necessity of further litigation, hereby stipulate and agree to settlement of this dispute as follows, and respectfully request that the Court so order:

WHEREAS, the Secretary filed this action on November 21, 2006, under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481 et seq. (hereinafter "the Act"), seeking an order declaring void the results of

Local 30's regularly scheduled election for the office of president conducted on May 10-11, 2006, and further seeking an order directing Local 30 to conduct a new election for that office under the supervision of the Secretary; and

    WHEREAS, the Secretary contends that Local 30 violated the adequate safeguards provision of the Act, 29 U.S.C. § 481(c), during the conduct of the election, including by: (i) failing to account for and keep a record of all ballots generated for the election; (ii) failing to account for the number of ballots used and unused in the election; (iii) failing to retain unused ballots; (iv) failing to maintain adequate control over the voted ballots; (v) failing to secure the voted ballots in a locked and sealed ballot box immediately following the initial May 10-11, 2006 vote count; (vi) failing to accurately record the votes cast for the office of president; (vii) failing to retain scratch and/or tally sheets used by Local 30's balloting committee in their initial vote count on May 11, 2006; and (viii) failing to secure and retain the original envelope in which ballots were allegedly placed after the initial vote count.

    WHEREAS, the Secretary contends that Local 30 violated the records retention provision of the Act, 29 U.S.C. § 481(e), during the conduct of the election in failing to preserve all of its election records for a period of one year;

    WHEREAS, Local 30, by entering into this Stipulation, does not admit that it violated any of the aforementioned provisions of Title IV of the Act in its May 2006 election of officers;

    WHEREAS, the parties to this action now wish to resolve this litigation fully and amicably without the necessity of further

litigation;

IT IS HEREBY STIPULATED TO AND AGREED, by and between the parties to this action, through their undersigned counsel, and IT IS HEREBY ORDERED AND ADJUDGED that:

1.  The Secretary and Local 30 have entered into this Stipulation and Order of Settlement for the sole purpose of resolving the issues in this action and for no other purpose.

2.  Local 30's next regularly scheduled election of officers is to be held in May 2008. Local 30 shall conduct the election for president in May 2008, in conjunction with its regularly scheduled election of officers, under the supervision of the Secretary. Such supervised election is to be completed no later than June 15, 2008. Such election shall be conducted in accordance with Title IV of the Act (29 U.S.C. §§ 481 et seq.) and, insofar as is lawful and practicable, in accordance with Local 30's Constitution and General Rules and the Constitution of the International Longshore and Warehouse Union ("ILWU"). The winner of the supervised election shall serve a full term of office as specified in Local 30's Constitution and General Rules.

3.  All decisions as to the interpretation or application of Title IV of the Act, as to the conduct of the supervised election for the office of president, are to be made and determined by the Secretary or her representative. All decisions as to the interpretation or application of Local 30's Constitution and General Rules and/or the ILWU International Constitution, as to the conduct of said election, are to be made and determined by the Secretary or her representative after seeking and considering Local 30's interpretation or application

of the respective Constitutions and its General Rules. The decision of the Secretary or her representative in all such matters shall be final, unless and until any such decision is, on application of Local 30, set aside by the Court.

4. The Court shall retain jurisdiction of this action following the entry of this Stipulation and Order of Settlement. After completion of the election specified in paragraph 2 above, the Secretary shall certify to the Court the name of the person elected in said election, and she shall further certify that such election was conducted in accordance with Title IV of the Act and with the provisions of Local 30's Constitution and General Rules and the ILWU International Constitution to the extent lawful and practicable. Upon the Court's receipt and approval of such certification, it shall enter a final judgment declaring that such person has been elected, as shown by such certification, to serve a two-year term of office. Such judgment shall further provide that each party will bear its own fees and expenses incurred by such party in connection with any stage of this proceeding.

5. Within 30 days of entry of a final judgment in this action, the Secretary shall return to Local 30 all original Local 30 documents in the Secretary's possession concerning Local 30's May 10-11, 2006 election for the office of president.

IT IS SO ORDERED.

_____
HON. OLIVER W. WANGER
UNITED STATES DISTRICT JUDGE


Entry Stipulated and Consented to:

FOR DEFENDANT

ATTORNEY NEIL M. HERRING

*/s/ Neil M. Herring*
NEIL M. HERRING

Counsel for Defendant
Local 30, International
Longshore & Warehouse Union

FOR PLAINTIFF

McGREGOR W. SCOTT
United States Attorney

By: */s/ Kirk E. Sherriff*
KIRK E. SHERRIFF
Asst. United States Attorney

Counsel for plaintiff
Elaine L. Chao,
Secretary of Labor

---

-5-
STIPULATION & ORDER OF SETTLEMENT