```
McGREGOR W. SCOTT
United States Attorney
KIRK E. SHERRIFF (SBN 219488)
Asst. United States Attorney
U.S. Courthouse, Suite 4401
2500 Tulare St.
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Elaine L. Chao,
Secretary of Labor, United States
Department of Labor
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, | Case No. 1:06-CV-01689 OWW TAG |
| Plaintiff, | STIPULATION & ORDER OF SETTLEMENT |
| v. | |
| LOCAL 30, INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, | |
| Defendant. | |

Plaintiff Elaine L. Chao, Secretary of Labor ("Secretary"), and defendant Local 30, International Longshore & Warehouse Union ("Local 30"), by and through undersigned counsel, and in order to resolve this action without the necessity of further litigation, hereby stipulate and agree to settlement of this dispute as follows, and respectfully request that the Court so order:

WHEREAS, the Secretary filed this action on November 21, 2006, under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481 *et seq.* (hereinafter "the Act"), seeking an order declaring void the results of

1  Local 30's regularly scheduled election for the office of
2  president conducted on May 10-11, 2006, and further seeking an
3  order directing Local 30 to conduct a new election for that
4  office under the supervision of the Secretary; and
5      WHEREAS, the Secretary contends that Local 30 violated the
6  adequate safeguards provision of the Act, 29 U.S.C. § 481(c),
7  during the conduct of the election, including by:  (i) failing to
8  account for and keep a record of all ballots generated for the
9  election; (ii) failing to account for the number of ballots used
10 and unused in the election; (iii) failing to retain unused
11 ballots; (iv) failing to maintain adequate control over the voted
12 ballots; (v) failing to secure the voted ballots in a locked and
13 sealed ballot box immediately following the initial May 10-11,
14 2006 vote count; (vi) failing to accurately record the votes cast
15 for the office of president; (vii) failing to retain scratch
16 and/or tally sheets used by Local 30's balloting committee in
17 their initial vote count on May 11, 2006; and (viii) failing to
18 secure and retain the original envelope in which ballots were
19 allegedly placed after the initial vote count.
20     WHEREAS, the Secretary contends that Local 30 violated the
21 records retention provision of the Act, 29 U.S.C. § 481(e),
22 during the conduct of the election in failing to preserve all of
23 its election records for a period of one year;
24     WHEREAS, Local 30, by entering into this Stipulation, does
25 not admit that it violated any of the aforementioned provisions
26 of Title IV of the Act in its May 2006 election of officers;
27     WHEREAS, the parties to this action now wish to resolve this
28 litigation fully and amicably without the necessity of further

1  litigation;

2  IT IS HEREBY STIPULATED TO AND AGREED, by and between the
3  parties to this action, through their undersigned counsel, and IT
4  IS HEREBY ORDERED AND ADJUDGED that:

5  1.  The Secretary and Local 30 have entered into this
6  Stipulation and Order of Settlement for the sole purpose of
7  resolving the issues in this action and for no other purpose.

8  2.  Local 30's next regularly scheduled election of
9  officers is to be held in May 2008.  Local 30 shall conduct the
10 election for president in May 2008, in conjunction with its
11 regularly scheduled election of officers, under the supervision
12 of the Secretary.  Such supervised election is to be completed no
13 later than June 15, 2008.  Such election shall be conducted in
14 accordance with Title IV of the Act (29 U.S.C. §§ 481 *et seq.*)
15 and, insofar as is lawful and practicable, in accordance with
16 Local 30's Constitution and General Rules and the Constitution of
17 the International Longshore and Warehouse Union ("ILWU"). The
18 winner of the supervised election shall serve a full term of
19 office as specified in Local 30's Constitution and General Rules.

20 3.  All decisions as to the interpretation or application
21 of Title IV of the Act, as to the conduct of the supervised
22 election for the office of president, are to be made and
23 determined by the Secretary or her representative.  All decisions
24 as to the interpretation or application of Local 30's
25 Constitution and General Rules and/or the ILWU International
26 Constitution, as to the conduct of said election, are to be made
27 and determined by the Secretary or her representative after
28 seeking and considering Local 30's interpretation or application

1  of the respective Constitutions and its General Rules. The
2  decision of the Secretary or her representative in all such
3  matters shall be final, unless and until any such decision is, on
4  application of Local 30, set aside by the Court.
5       4.   The Court shall retain jurisdiction of this action
6  following the entry of this Stipulation and Order of Settlement.
7  After completion of the election specified in paragraph 2 above,
8  the Secretary shall certify to the Court the name of the person
9  elected in said election, and she shall further certify that such
10 election was conducted in accordance with Title IV of the Act and
11 with the provisions of Local 30's Constitution and General Rules
12 and the ILWU International Constitution to the extent lawful and
13 practicable.  Upon the Court's receipt and approval of such
14 certification, it shall enter a final judgment declaring that
15 such person has been elected, as shown by such certification, to
16 serve a two-year term of office.  Such judgment shall further
17 provide that each party will bear its own fees and expenses
18 incurred by such party in connection with any stage of this
19 proceeding.
20      5.   Within 30 days of entry of a final judgment in this
21 action, the Secretary shall return to Local 30 all original
22 Local 30 documents in the Secretary's possession concerning
23 Local 30's May 10-11, 2006 election for the office of president.
24
25
26 Entry Stipulated and Consented to:
27
28 FOR DEFENDANT                           FOR PLAINTIFF

```
ATTORNEY NEIL M. HERRING           McGREGOR W. SCOTT
                                   United States Attorney


/s/ Neil M. Herring          By:   /s/ Kirk E. Sherriff
NEIL M. HERRING                    KIRK E. SHERRIFF
                                   Asst. United States Attorney
Counsel for Defendant
Local 30, International            Counsel for plaintiff
Longshore & Warehouse Union        Elaine L. Chao,
                                   Secretary of Labor
```

IT IS SO ORDERED.

**Dated:   July 30, 2007**               **/s/ Oliver W. Wanger**
                                          UNITED STATES DISTRICT JUDGE